IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CATHERINE CARTWRIGHT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:20-cv-1253 |
| HPC DEVELOPER, LLC, | § § § | |
| Defendant. | § | |

### DEFENDANT HPC DEVELOPER, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant HPC Developer, LLC ("Defendant") hereby removes this action, styled *Catherine Cartwright v. HPC Developer, LLC*, Cause No. 2020CV04267, pending in the County Court at Law No. 3 of Bexar County, Texas (the "State Court Action"), to the United States District Court for the Western District of Texas, San Antonio Division. Defendant files this notice of removal while expressly preserving Defendant's rights and defenses, including its right to seek to compel arbitration or transfer venue in the future. In support of such removal, Defendant respectfully shows the Court as follows:

### STATE COURT ACTION

1. On September 3, 2020, Plaintiff Catherine Cartwright ("Plaintiff") filed an Original Petition and Request for Disclosure (the "Complaint") in the State Court Action. The Complaint alleges state law claims for breach of contract, fraud, negligent misrepresentations, and violations of the Texas Deceptive Trade Practices Act. All claims relate to Plaintiff's purchase of property from Defendant.

2. Defendant was served with a copy of the Complaint on October 5, 2020, via Defendant's registered agent.

**GROUNDS FOR REMOVAL**

3. As set forth more fully below, this case is removable to the United States District Court for the Western District of Texas, San Antonio division, pursuant to 28 U.S.C. § 1362, because this is a case between citizens of different States and the amount in controversy exceeds $75,000.

4. The Court has diversity jurisdiction over all of Plaintiff's causes of action. Under 28 U.S.C. § 1332, the District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."

5. Here, the court has original jurisdiction over this matter because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

6. According to the Complaint, Plaintiff is a resident and citizen of Austin, Texas.

7. Defendant HPC Developer, LLC, is a limited liability company organized under the laws of the State of Delaware. As a limited liability company, Defendant is a resident of whatever states its members are residents of. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant's sole member is S.O.I. Acquisition, Corp., which is a corporation organized under the laws of the State of Florida, with its principal place of business in Miami, Florida. Therefore, Defendant is considered a resident of Florida.

8. Furthermore, the amount in controversy in this case is greater than $75,000. In her Complaint, Plaintiff alleges that she seeks damages "less than $100,000" but also seeks (a)

treble damages under the Texas Deceptive Trade Practices Act and (b) statutory attorney's fees under the Deceptive Trade Practices Act. As this Court recently recognized, a plaintiff's request for treble damages and attorney's fees "all . . . can be used to determine the amount in controversy." *Valdez v. Allstate Tex. Lloyd's*, No. EP-16-CV-0346-PRM-LS, 2016 WL 9414130, at *2 (W.D. Tex. Oct. 4, 2016) (internal citations omitted).

9. Here, the underlying purchase price for the property at issue is $15,000. Therefore, if Plaintiff is successful in her claim for treble damages under the Texas Deceptive Trade Practices Act, she will recover $45,000 *before* her request for attorney's fees and costs. Furthermore, upon information and belief, any claim for attorney's fees for pursuing this suit through trial will clearly exceed the $30,000 necessary to bring the amount in controversy above the Court's jurisdictional threshold.

10. Therefore, this Court has diversity jurisdiction over this action because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

## PROCEDURAL REQUIREMENTS

11. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of actions.

12. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt of the Complaint in this action by Defendant, by service or otherwise.

13. Removal to this Court is proper because, in addition to the jurisdictional reasons stated above, this Court is the "district court of the United State for the district and division embracing the place where such action is pending"—here the County Court at Law No. 3 of Bexar County, Texas. *See* 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all "process, pleadings, and orders" served on Defendant is attached as Exhibit A to this Notice of Removal and incorporated by reference. Defendant has no knowledge of any other process, pleadings, or orders served in connection with this action, other than those attached as Exhibit A.

15. Promptly after the filing of this Notice of Removal, Defendant will give written notice of the filing of this Notice of Removal to Plaintiff by serving Plaintiff with Notice of Removal pursuant to 28 U.S.C. § 1446(d), and Defendant will file a Notification of Filing of Notice of Removal with the Clerk of the County Court at Law for Bexar County, Texas, which includes a copy of this Notice of Removal, attached hereto as Exhibit B.

16. Attached as Exhibit C is a complete Civil Cover Sheet.

17. The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## RESERVATIONS OF RIGHTS AND DEFENSES

18. Defendant reserves its right to assert all defenses and objections to the Complaint, including, but not limited to: (a) denying (i) the material allegations contained therein; (ii) that Plaintiff states a claim for which relief may be granted; (iii) that Plaintiff has been damaged in any manner whatsoever; and (b) asserting that the action is barred by waiver, laches, estoppel, or any other defense. Defendant specifically reserves its right to seek to compel arbitration or transfer venue pursuant to terms of its contract with Plaintiff. *See Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 66162 (5th Cir. 1995) (holding that filing notice of removal does not waive right to invoke arbitration provision); *Lora v. Providian Bancorp Servs.*, No. EP-05-CA-045-DB, 2005 WL 1743878, at *6 (W.D. Tex. July 22, 2005) (same).

19. Defendant reserves the right to amend or supplement this Notice of Removal as necessary and appropriate.

## CONCLUSION

WHEREFORE, Defendant prays that the above action now pending against them in the County Court at Law No. 3 of Bexar County, Texas, be removed to this Court. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument.

Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ Alan W. Hersh*
Alan W. Hersh
Texas Bar No. 24080944
300 West 6th Street, Suite 2050
Austin, Texas 78701
Email: hersha@gtlaw.com
Tel: 512.320.7200
Fax: 512.320.7210

**ATTORNEY FOR DEFENDANT HPC DEVELOPER, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all parties and counsel of record have been served with a copy of this Notice of Removal via electronic Registered Email on this 23rd day of October, 2020.

*/s/ Alan W. Hersh*
Alan W. Hersh